| 66  | 111 |
|-----|-----|
| 110 | 668 |

## Sims v. Field, *Appellant.*

**Deed of Trust**, POWERS OF GRANTOR IN. One who gives a deed of trust upon land cannot afterwards make any agreement concerning the same to the prejudice of the title conveyed by the deed. A subsequent contract with a stranger permitting him to inclose and use part of the land, is void as against a purchaser at a sale under the deed of trust.

*Appeal from Audrain Circuit Court.*—HON. G. PORTER. Judge.

*E. M. Crozier* for appellant.

*John M. Gordon* for respondent.

NORTON, J.—This was a suit instituted in the circuit court of Audrain county to recover damages growing out of the alleged removal of a division fence between the lands of plaintiff and defendant. The answer denies the allegation of the petition as to the existence of any such fence, and also that plaintiff sustained any damage by reason of the removal of the same.

The case was tried by the court without the intervention of a jury, and judgment for one hundred dollars was rendered for plaintiff, from which defendant has appealed. The principal g ound relied upon for a reversal of the judgment was the action of the court in refusing four instructions asked by defendant, two of which are as follows:

No. 1.   No agreement made by Vanhorn with Leeper constituting a part of the fence on the lands conveyed by the deed of trust of Evans and Vanhorn to James Ferguson, a partition fence, could bind the said Ferguson, or a purchaser, under said deed of trust.

No. 2.   After Evans and Vanhorn conveyed the land to Ferguson, on which the fence alleged to have been broken is situate, no agreement of said Vanhorn in regard to the title or use of said fence could in any way affect the right of defendant to remove said fence.

The evidence adduced on the trial tended to show that in 1871, one Leeper owned a tract of land adjoining a tract occupied by one Vanhorn and Evans; that on the land of Vanhorn and Evans, about sixty feet from the line dividing the land occupied by them, there was a string of fence about one-quarter of a mile in length; that Vanhorn agreed that if Leeper would build a fence upon his own land parallel to the line dividing their lands, he might join to the fence of Vanhorn and Evans; that in 1867 Vanhorn and Evans conveyed to one Ferguson, by deed of trust,

the land upon which the fence alleged to have been broken and carried away was situate; that in 1872, the land was sold under said deed of trust, and defendant Field became the purchaser, and took possession of the same under his purchase in the following December, and without knowledge or notice of the agreement between Leeper and Vanhorn, whereby Leeper was permitted to join his fence to the fence of Vanhorn, removed the fence on the land so bought in March, 1873; that, in consequence of such removal, stock trespassed on the land of plaintiff, tramping his plowed ground and injuring his orchard; that Leeper sold and conveyed his land to plaintiff in 1873, who entered into possession of the same about the time the fence was removed by defendant.

In the light of the above facts, we think the court erred in refusing to give the declarations of law asked for in the two instructions above copied. It was not competent for Vanhorn, after he had parted with his title to the land on which the fence was situated, to make an agreement in regard thereto, which would bind either Ferguson, the trustee, or the purchaser under the deed of trust. The purchaser, under the said deed, acquired all the rights which Vanhorn and Evans had at the time the deed was executed. Vanhorn and Evans, after the conveyance by them to Ferguson, could not by their agreement give to another an interest in a fence situated on the land conveyed, any more than they could give an interest in the dwelling located thereon, in prejudice of the estate conveyed. Nor could they give to another, by agreement to the prejudice of a purchaser under the deed of trust, the use of sixty feet in breadth of the land conveyed, and one-fourth of a mile in length. Such would be the effect of the agreement between Leeper and Vanhorn, should their act be construed as binding on the defendent in this case, who purchased under the trust deed made to Ferguson.

Judgment reversed; the other judges concuring.

REVERSED.